UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TERRIKA EVERETT** | * | **CIVIL ACTION NO. 09-0683** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LIBERTY HEALTHCARE SYSTEMS, LLC, ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss (Doc. #10) brought by defendant Liberty Healthcare Systems, LLC ("Liberty Healthcare"). For reasons stated below, it is recommended that the motion be **GRANTED** in part, and **DENIED** in part.

## BACKGROUND

The plaintiff, Terrika Everett ("Everett"), filed a complaint against Liberty Healthcare, Ron Wright ("Wright") and Brenda Wilson ("Wilson") on April 21, 2009. (Doc. #1). In her complaint, Everett, an African American, alleges the following facts: She was employed by Liberty Healthcare when she witnessed Wright, a white employee of Liberty Healthcare, pull the hair of an eleven year old African American client of Liberty Healthcare, and then ask the child "if he had pulled her hair in the same manner as her sixty-nine (69) year old rapist." (Doc. #1, ¶ 12). After Everett reported this incident to her supervisors, Wright told Everett that "her employment with [Liberty Healthcare] would not continue" and "berated her in the presence of co-workers and clients." *Id.* at ¶¶ 13, 17. Wright subsequently advised Wilson, one of Everett's supervisors at Liberty Healthcare, to terminate Everett, on the basis that Everett's absences from work were "excessive," even though Wright would often call Everett to tell her that she did not

need to report to work. *Id.* at ¶¶ 18-19. After Liberty Healthcare ultimately terminated Everett, she filed a claim with the Equal Employment Opportunity Commission and received a right-to-sue letter. *Id.* at ¶¶ 19, 25.

Based on these facts, Everett alleges that Wright "overtly and covertly used race and reprisal to create a hostile work environment against her" in violation of Title VII of the 1964 Civil Rights Act. *Id.* at ¶ 23. Everett also alleges that "the discriminatory practices stated [within the complaint] were committed by management, which included [Wright] and [Wilson], who were acting at the direction of Defendant [Liberty Healthcare] or at its behest." *Id.* at ¶ 21. Finally, Everett alleges that Wright, Wilson, and Liberty Healthcare retaliated against her in violation of both Title VII and the Louisiana Whistleblower Protection Act. *Id.* at ¶ 8.

On September 15, 2009, Liberty Healthcare filed the instant motion to dismiss on the following grounds: lack of subject matter jurisdiction; insufficient process; insufficient service of process; and failure to state a claim upon which relief can be granted. (Doc. #10, ¶ 2). The court will consider each of these grounds for dismissal in turn.

## LAW AND ANALYSIS

**I. Subject Matter Jurisdiction**

The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332.[1]

Plaintiff does not invoke this court's diversity jurisdiction, and the allegations of her complaint show that both she and defendant Liberty Healthcare Systems are citizens of

---

[1] Other types of cases also confer federal jurisdiction. *See e.g.*, 28 U.S.C. § 1333 (admiralty and maritime) and 28 U.S.C. § 1334 (bankruptcy). There is no suggestion that plaintiff's factual allegations would support subject matter jurisdiction on these or other grounds.
  Civil rights claims also confer federal subject matter jurisdiction. *See* 28 U.S.C. § 1343. However, § 1331 is usually broad enough to encompass these claims.

Louisiana. (Doc. #1, ¶¶ 1 and 2). For purposes of diversity jurisdiction, "[a]ll plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by 28 U.S.C. § 1332(a)." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Accordingly, even if plaintiff were seeking to allege diversity jurisdiction, complete diversity of citizenship is clearly lacking, and the only possible basis for jurisdiction is federal-question.

"[F]ederal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) (citations omitted). Federal question jurisdiction is properly invoked when a plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500 (2006). Indeed, "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case . . ." *Cervantez v. Bexar County Civil Service Commission*, 99 F.3d 730, 733 (5th Cir. 1996) (quoting *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-89 (5th Cir. 1988)).

Everett's allegations establish federal question jurisdiction based on her Title VII claims. (Doc. # 1, ¶ 6). Thus, federal jurisdiction is proper at least as to Everett's Title VII claims.

Whether Everett's Louisiana Whistleblower Protection Act claim is properly in federal court is an issue of supplemental jurisdiction. When a case is properly in federal court because of federal question jurisdiction, a court may exercise supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367. Since whether a court may exercise supplemental jurisdiction over a plaintiff's state law claims turns, in part, on the merits of the plaintiff's federal claims, 28 U.S.C. § 1367(c)(3), this

court will first consider the merits of Everett's Title VII claims.

## II. Failure to State a Claim

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In the context of Title VII, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002). To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512. However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a plaintiff pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

### B. Title VII Hostile Work Environment Claim

Everett alleges that Liberty Healthcare created a hostile work environment in violation of Title VII. To establish the prima facie elements of a hostile working environment based on race, a plaintiff must prove: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition,

or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 265, 268 (5th Cir. 2002).

While Everett's complaint need not contain specific facts establishing each of the elements of a prima facie case of hostile work environment, *Swierkiewicz*, 534 U.S. at 511, her complaint is strikingly devoid of any factual allegations which would indicate that the hostile work environment allegedly created by Liberty Healthcare was based on her race. Indeed, if assumed as true, the chain of factual allegations in the complaint - Everett witnessed Wright assault an African American child, Everett reported this incident to her supervisors, Wright berated Everett in front of co-workers and clients, Wright advised Wilson to terminate Everett, and Everett was ultimately terminated - indicate that the alleged hostile work environment was based on Everett's reporting of the assault, and not on Everett's race.[2] Everett's conclusory allegation that Liberty Healthcare created a hostile work environment against her because she is African American therefore cannot survive a Rule 12(b)(6) motion to dismiss.

**C. Title VII Retaliation Claim**

Everett also alleges that Liberty Healthcare retaliated against her in violation of Title VII. The statute provides, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has

---

[2] The undersigned notes that Everett has pled that "white employees were not treated in the same derogatory . . . and discriminatory manner" as she was. (Doc. #1, ¶ 22). However, this conclusory allegation, along with the complaint's other factual allegations, would only comprise a valid claim of hostile work environment based on race if the complaint stated that some of these white employees had also witnessed and reported Wright's alleged assault on the African American child. Without this additional allegation, the alleged discrepancy between the way that Liberty Healthcare's management treated Everett and its white employees would logically be attributed to Everett's decision to report the assault, and not to her race.

opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a).

Like Everett's hostile work environment claim, her Title VII retaliation claim is merely conclusory and cannot survive a motion to dismiss. The complaint simply provides no factual allegations which would indicate that Everett was terminated because she opposed an employment practice made unlawful by Title VII. Indeed, the factual allegations in the complaint, if assumed as true, indicate that Everett was terminated because she "opposed" Wright's assault of the African American child, which, although deplorable, is not an employment practice made unlawful by Title VII. *See* 42 U.S.C. § 2000e-2(a)(1)-(2) (defining an unlawful employment practice, for purposes of Title VII, as discrimination by employers against employees and potential employees).

### D. Everett's Title VII Claims against Wright and Wilson

Although defendants Wright and Wilson did not file motions to dismiss, the undersigned also recommends the dismissal of Everett's Title VII against them. The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322, 1995 WL 534901, at *2 (5th Cir. 1995). The Fifth Circuit has held that a "district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" McCoy v. Wade, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties) (citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Accordingly, the undersigned recommends the dismissal of Everett's Title VII claims against Wright and Wilson for the same reasons the undersigned recommends the dismissal of

Everett's Title VII claims against Liberty Healthcare.[3]

### D. Louisiana Whistleblower Protection Act Claim

Everett's third and final claim is that Liberty Healthcare retaliated against her in violation of the Louisiana Whistleblower Protection Act, La. Rev. Stat. Ann. § 23:967.

The undersigned does not reach the merits of this claim. Everett alleged jurisdiction in federal court based on her Title VII claims. (Doc. #1, ¶6). Since the undersigned has recommended the dismissal of Everett's Title VII claims, the undersigned recommends declining supplemental jurisdiction over Everett's state law claims. *See generally* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."). In arriving at this recommendation, the undersigned adheres to the general rule that applies when a court dismisses a plaintiff's federal claims and only her state law claims remain. *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004). Furthermore, this recommendation does not prejudice Everett, because it comes at an early point in the proceedings, when she has not invested a significant amount of resources in litigating her case.

### III. Insufficient Process and Insufficient Service of Process

As a result of the court's resolution of Liberty Healthcare's motion to dismiss for failure to state a claim, the alternative motions to dismiss for insufficient process and insufficient service

---

[3]The undersigned notes that dismissal of Everett's Title VII claims against Wright and Wilson also appears proper for the additional reason that Title VII does not permit a suit against both an employer and its agent in an official capacity. *Indest v. Freeman Decorating*, 164 F.3d 258, 262 (5th Cir. 1999) (noting that an employee cannot maintain a Title VII action against both her employer and her supervisor in his official capacity because the employer would then be held liable twice for the same act). The allegations of plaintiff's complaint appear to raise only an official capacity claim.

of process are moot.

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss filed by defendant Liberty Healthcare [Doc. # 10] be **DENIED** in so far as it is based on F.R.C.P. Rule 12(b)(1), and **GRANTED** in so far as it is based on F.R.C.P. Rule 12(b)(6)**, DISMISSING WITH PREJUDICE** the plaintiff's claims arising under the laws of the United States.

**IT IS FURTHER RECOMMENDED** that the plaintiff's claims arising under the laws of the United States against defendants Wright and Wilson be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that plaintiff's remaining claims arising under the laws of the State of Louisiana be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the motion to dismiss pursuant to Rules 12(b)(3) and 12(b)(5) [Doc. # 10] filed by defendant Liberty Healthcare be **DENIED** as moot. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of October, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE